**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Cr. No. 339(JDB)** |
| **VICTOR BLASSINGAME,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO SUPPRESS EVIDENCE,**
**INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND**
**REQUEST FOR EVIDENTIARY HEARING**

Defendant, Victor Blassingame, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

## STATEMENT OF FACTS[1]

Mr. Blassingame was charged, in a one-count indictment filed September 13, 2005, with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g).

According to the police reports filed in this case, Officers Green and Maybo conducted a

[1] This statement of the facts is a summary based on the P.D. 163 police report provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Blassingame does not in any way concede that these facts are accurate or true.

traffic stop of a white Ford Taurus SW on the Unit block of M. Street, SW, in Washington, D.C. at approximately 10:15 p.m. on August 15, 2005. The vehicle was occupied by Mr. Blassingame, who was seated in the driver's seat, and a front-seat passenger. The officers asked Mr. Blassingame for his license and he complied. At some point, Officer Maybo allegedly shined his light onto the floorboard of the vehicle and observed a gun. Mr. Blassingame and the passenger were ordered out of the vehicle and Mr. Blassingame was placed under arrest.

## ARGUMENT

### I. THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. BLASSINGAME'S ILLEGAL STOP AND SEIZURE.

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Mr. Blassingame–as well as the search of the vehicle he was driving–were conducted in the absence of a warrant and based on no legitimate exception to the warrant requirement. Mr. Blassingame's stop, as well as the resulting search and seizure conducted by the law enforcement officers, were therefore unreasonable. Exclusion of the evidence recovered as a result of this Fourth Amendment violation–in this case, of the gun recovered– is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963).

As discussed above, Mr. Blassingame asserts that his warrantless stop and seizure, and the subsequent search of the vehicle, violated the Fourth Amendment. In such cases, the

government has the burden of showing probable cause in order to justify the police conduct. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized Mr. Blassingame and searched the car justified the search and seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Blassingame's stop and seizure were unlawful, that there was no probable cause to support his arrest, and that there was no probable cause to search the vehicle. Because all of the evidence was recovered after Mr. Blassingame was illegally seized, the physical evidence must be suppressed as the tainted fruit of the illegal seizure. Taylor v. Alabama, 457 U.S. 687 (1982); Wong Sun v. United States, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Blassingame requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest and of the following, illegal search. Mr. Blassingame respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

______/s/____________________

Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

**DATE:** October 25, 2005.