# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.    05-339(JDB)** |
| | : | |
| **v.** | : | **Motions Hearing:  December 19, 2005** |
| | : | |
| | : | |
| **VICTOR BLASSINGAME** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully oppose defendant's Motion to Suppress Physical Evidence.  As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities that may be cited at a motions hearing.

### FACTUAL BACKGROUND

On August 15, 2005, in the Unit Block of M Street SW, Washington, D.C., at approximately 12:00 a.m.,  Metropolitan Police Department Officer Greene conducted a traffic stop on a white Ford Taurus because the car had only one operable headlight.   The defendant was the Taurus' driver.  The Taurus' owner, Harvey Martin, was in the front passenger seat of the car.  The defendant and Mr. Martin were the only two occupants of the Taurus.   Once the car was stopped,  United State Park Police Officer Maybo, who was in the area,  assisted in the stop.

Officer Maybo approached the car's passenger side and as a safety  precaution,  he shined his flashlight inside the car.  He  initially did not see anything on the front driver side floor board.  Officer  Greene then asked the defendant for his license.  The defendant gave his license to Officer Greene.  Officer  Maybo then saw the defendant make a sweeping movement with his

foot toward the driver's seat.  Officer Maybo then shined his flashlight toward the floorboard

again.  At this time,  Officer Maybo saw a firearm, in plain  view, on the front driver side

floorboard.  The defendant and Mr. Martin were removed from the car and a loaded Rossi .38

caliber revolver was retrieved from the driver side floorboard.


## ARGUMENT

The defendant in his motion asserts that the evidence was unlawfully seized pursuant to

Fourth Amendment.  The government asserts that his motion should be denied for the following

reasons: (1) the defendant has no standing to challenge the gun's seizure  from the car; (2) the car

was lawfully stopped because it had a broken headlight;   and, (3) the gun was in plain view during

this lawful traffic stop and was properly seized.

I.  <u>The defendant does not have standing to challenge the gun's seizure from the car.</u>

"Fourth  Amendment rights are personal rights which like other constitutional rights, may

not be vicariously asserted." <u>Rakas v. Illinois</u>, 439 U.S. 128, 133-34 (1978).  The  defendant has the

burden of establishing that he has a legitimate expectation of privacy in the  area searched or a

proprietary interest in the property seized.  <u>United States v. Zablaga</u>, 834 F.2d 1062, 1065 (D.C. Cir.

1987).  A driver of a vehicle, who is not the owner of the vehicle,  does not have an expectation of

privacy to the car when  the car's owner is present as a passenger.  <u>United States v. Varner</u>,  685

A.2d 396, 397-398 (D.C. 1996) ( a nonowner driver of a car does not have standing to challenge a

search of the car  when the owner of the car was present as a passenger); See also, <u>United States v.</u>

<u>Jefferson</u> , 925 F.2d 1242, 1249  (10th Cir. 1991) ( the defendant as nonowner driver of a car did not

have standing to challenge the search of the car because the owner was a passenger); and,   <u>United</u>

States v. Lochan , 674 F.2d 960, 965 ( 1ˢᵗ Cir. 1982) (First Circuit rejected a Fourth Amendment privacy claim by a nonowner driver who contested the seizure of drugs from a car following a traffic stop where the owner was a passenger in the car.)  Similar to the defendants in Varner,  Jefferson and  Lochan, the defendant, in this case, was merely a driver in a car where the owner was a passenger.   In addition, the defendant has made no assertion that he has any proprietary interest in the gun.   Thus, he has no standing to challenge the search of the car or the seizure of the gun from the car.

II.  The traffic stop in this case was lawful.

"The Fourth Amendment does not bar the police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if the offense is a minor one." United States v. Mitchell, 951 F.2d 1291, 1295 (D.C. Cir. 1991).

The Supreme Court reaffirmed the principle that  the police may stop a car where the officers believe that a traffic violation has occurred.  Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769 (1996).  In Whren, the Court held that "the temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective."  Whren, supra, 116 S.Ct. at 1771 (1996).

When officers properly stop a car, they may detain the car and its occupants to check the driver's license and registration,  and may require the driver to exit the car.  Pennsylvania v. Mimms, 434 U.S. 106 (1977); Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882 (1997) (holding that an officer making a traffic stop may order passengers to get out of a vehicle pending completion of the

stop).   Operating a vehicle without headlights is a violation of the law in Washington, D.C.   See,

D.C. Municipal Regulations, Title 18, Chapter 7.

III.  The officer could seize the gun which became in plain view during a lawful traffic stop.

The plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police

officer who access to the object has some prior Fourth Amendment justification and who has

probable cause to suspect that the item is connected with criminal activity,  Minnesota v. Dickerson,

113 S.Ct. 2130, 2132( 1993).  In the instant case, Officer Greene stopped the car because one of its

headlights  was broken.  While Officer Greene was permissibly obtaining the defendant's license,

Officer Maybo saw the gun on the driver side floorboard.  Once Officer Maybo saw the gun,  he

could lawfully seize the gun.  Therefore, officers had properly detained the defendant and the gun

was viewed and seized during that lawful detention.

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully submits that the

defendant's motion to suppress evidence be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____

WENDY L. SHORT
ASSISTANT  U.S. ATTORNEY
555 FOURTH STREET, N.W.
NARCOTICS SECTION, RM 4245
WASHINGTON, D.C. 20530
(202) 514-1885; fax: (202)353-9414