IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                                      )<br>v.                                              )<br>                                                      )<br>VICTOR BLASSINGAME         )<br>_____) | Cr. No. 05-339 (JDB) |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT

Mr. Victor Blassingame, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use prior convictions to impeach Mr. Blassingame should he choose to testify at trial.[1]

BACKGROUND

Mr. Blassingame is charged, in a one-count indictment filed September 13, 2005, with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the police reports filed in this case, Officers Green and Maybo conducted a traffic stop of a white Ford Taurus on the Unit block of M Street, SW, in Washington, D.C., at approximately 10:15 p.m. on August 15, 2005. The vehicle was occupied by Mr. Blassingame, who was seated in the driver's seat, and a front-seat passenger. The officers asked Mr. Blassingame for his license and he complied. At some point, Officer Maybo apparently shined

---

[1] Defendant does not oppose the portion of the Government's motion in which it moves for permission to late file its motion.

1

his light onto the floorboard of the vehicle and observed a gun.  Mr. Blassingame and the passenger were ordered out of the vehicle and Mr. Blassingame was placed under arrest.

ARGUMENT

Although FED. R. EVID. 609(a)(1) permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").  The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case.  All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to the theft charges, the government has set forth no specific facts indicating that the convictions are particularly probative in the present case.  Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law.  Id. at 1071.  The

generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Blassingame because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Blassingame committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

CONCLUSION

For the foregoing reasons, Mr. Blassingame respectfully moves this honorable court to exclude the use of the evidence of the prior convictions proffered by the government.

>Respectfully submitted,
>
>A.J. KRAMER
>FEDERAL PUBLIC DEFENDER
>
>_____/s/_____
>
>RITA B. BOSWORTH
>Assistant Federal Public Defender
>625 Indiana Avenue, N.W., Suite 550
>Washington, D.C. 20004
>(202) 208-7500

**DATE:** December 21st, 2005